## Martin v. Commonwealth

(Decided February 7, 1913.)

### Appeal from Shelby Circuit Court.

Homicide—Aiding and Abetting in Homicide—Evidence—Sufficiency of—
    (See Lawson v. Commonwealth, this day decided).—Upon the trial
    of appellant who was jointly indicted with Thomas Lawson for
    the murder of deceased, the evidence shows that appellant was
    conveniently near to aid Lawson in his expressed purpose to "get"
    deceased and that he and Lawson were acting in concert.  His
    own evidence establishes his guilt, and was sufficient to sustain
    the verdict against him.

PEAK, HOLLAND & DAVIS, for appellant.

JAMES GARNETT, Attorney General, and CHAS. H. MORRIS,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

At the January term, 1912, of the Shelby circuit court,
the grand jury returned an indictment against Tom Law-
son, Tom Martin, and Warren Wade, charging them with
the murder of Hardin Inghram.

The first count charges Lawson with the killing, and
that appellant, and Wade, were present, aiding, abetting
and assisting him.  Upon his trial on this charge, appel-
lant was found guilty and sentenced to death; his motion
for a new trial having been overruled, he appeals.

The indictment in this case is the same and grew out
of the same transaction as in the case of Lawson v. Com-
monwealth, this day decided; and the main facts bearing
upon this case are stated in that opinion, except as fol-
lows:

It appears that appellant was the third cousin of the
girl, Jeanette Wade; that just before the difficulty he met
her and she told him she had been pushed off the street
by a white boy, but did not say who it was, but he learned
who it was from Lawson after he got up to where the
quarrel was going on; that he had a tobacco stick in his
hand when he ran up there and had a rock in his pocket
when he was arrested afterwards; that just previous to
the difficulty, he was seen in an alley, near where the
trouble occurred, with a stick in his hand; that when he
went up to the party who was quarreling, he asked Law-
son what was the matter, and Lawson said, "this sissy
bell pushed my girl off the street," and that Inghram
said, "Martin, I know you, and Lawson I know you, and

I ain't scared of no nigger," and that he, appellant, struck Inghram over the head with his stick and about the same time Lawson struck him with the knife; that at the time Inghram had a buggy whip in his hand, but did not strike either him or Lawson with it, and made no effort to do so, and that he struck Inghram merely because he said "he wasn't scared of no nigger."

On his motion for a new trial, he gave five grounds, all of which but two, have been abandoned by his attorneys in their brief in this court, to-wit:

1. Because the court erred in refusing to give a peremptory instruction to find him not guilty.

2. Because there was no evidence to sustain the verdict, and the same was contrary to law.

The defendant's own testimony was sufficient to sustain the verdict against him. He admits that he was related to the Wade girl; that just before the difficulty she had told him she had been pushed off the street by a white boy; that when he heard Lawson and the white boys quarreling, he rushed up to where they were with his stick in his hand, that Lawson then informed him Inghram was the boy who had pushed his cousin off the street; that he knew at the time that Lawson was fussing with the Inghram boy over that same occurrence; that all that Inghram did or said, was he said "he wasn't scared of no nigger," that he made no effort to strike either him or Lawson; and it is not at all improbable from all the circumstances, that the terrific blow which he struck Inghram over the head with the tobacco stick, so dazed and stunned him, as to enable Lawson to make the death stroke with his knife. Manifestly, Martin was conveniently near to aid Lawson in his expressed purpose to "get" Inghram and promptly proceeded to render valuable assistance to that end.

From all the facts and circumstances, it is apparent that he and Lawson were acting in concert.

Judgment affirmed.